Filed 1/13/16  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061648 |
| v. | (Super.Ct.No. RIF1314855) |
| ALLEN TARAILE WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Scott Taylor, and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Allen Taraile Williams of robbery (Pen. Code,[1] § 211, count 1) and assault with a firearm (§ 245, subd. (a)(2), count 2).[2] Additionally, the jury found that defendant personally used a firearm as to both counts (§§ 12022.5, subd. (a), 12022.53, subd. (b), 1192.7, subd. (c)(8)), and he admitted being out on bail when he committed the offenses (§ 12022.1). The trial court sentenced him to an aggregate term of 14 years in state prison. On appeal, he contends substantial evidence does not support the jury's finding that he used a firearm. We disagree and affirm.

## I. FACTS

It is not disputed that on the evening of November 18, 2013, defendant robbed the Fast 5 Pizza in Riverside. Rather, defendant denies that the gun he used was a firearm.

At the time of the robbery, Maira Alcala and Ismael Garcia (the victims) were working. According to the victims, defendant jumped over the counter and pulled a gun on them. Believing the gun was real, the victims were afraid defendant would shoot them. Garcia was scared for his life. Neither victim could identify what type of gun it was because they were not familiar with guns. However, Garcia described the gun as being black. Defendant pointed the gun directly at Garcia's chest, handed him a bag, and said: "I'm going to give you ten seconds, and then I'm going to start shooting." Garcia

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant was also charged with assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1) [to wit, a BB or pellet gun]); however, the jury found defendant not guilty of this charge.

2

grabbed the money and put it in the bag. Prior to defendant leaving, he promised the victims he would return and that they "better have more money" next time. A surveillance video of the robbery was shown to the victims who testified to events of the robbery.

Detective Mike Medici of the Riverside Police Department viewed the video of the robbery. His experience with firearms included "owning one every day" for 20 years and "seeing many of them." Based on his review of the video, Detective Medici opined that he had "no reason to believe [the gun] wasn't real. There was no painted tip." When asked how someone could tell the difference between a real gun and a gun that is not real, the detective explained, "[s]ome of them are very difficult to tell, but some that I have seen also contained indicators like a plastic look to them, a colored tip to them. This particular one didn't have any of that. There was no reason for me to assume it was not real." On cross-examination, Detective Medici testified that the weapon in the video looked like "at least" a semiautomatic of medium to large caliber. However, the detective admitted he had seen pellet guns which looked like real semiautomatic firearms, and that without examining the gun in the video he could not opine it was not a pellet gun.

At trial, defendant admitted committing the robbery, but denied the gun was real. He claimed the gun was a BB gun he purchased at Walmart. In support of this claim, Brandi Berger, the mother of his children, testified that she believed defendant owned a small black BB gun. She claimed she had confronted defendant about the gun, and he

3

showed her BBs to show her that it was not a real gun. Berger admitted not knowing the difference between a BB gun and a pellet gun; she did not know much about guns at all, and that defendant did not shoot the gun or show her how it operated.

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE JURY'S FINDINGS

Defendant contends substantial evidence failed to support the personal use enhancement in that there was insufficient evidence the gun he held was a firearm rather than a BB gun. We disagree and uphold the judgment below.

In reviewing a claim that a criminal conviction is not supported by sufficient evidence, we review the entire record in the light most favorable to the judgment to determine whether it contains "'"substantial evidence—that is, evidence which is reasonable, credible, and of solid value . . . ."'" from which a jury comprised of reasonable persons could have found the defendant guilty of the crime beyond a reasonable doubt. (*People v. Welch* (1999) 20 Cal.4th 701, 758.) We presume "in support of the judgment the existence of every fact the [jury] could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) In deciding whether substantial evidence supports the decision of the trial court, we do not resolve issues of credibility or evidentiary conflicts. Resolving "conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient . . . ." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

4

Here, the jury was instructed that a firearm is any "device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion." (§§ 12001, 16520, subd. (a).) They were further told that "[a] BB gun or pellet gun is not a firearm." The jury found that defendant personally used a firearm within the meaning of sections 245, subdivision (a)(2), 12022.5, subdivision (a), and 12022.53, subdivision (b). Substantial evidence supports the jury's finding.

Circumstantial evidence alone is sufficient to establish that the object used by a robber was a firearm. (*People v. Monjaras* (2008) 164 Cal.App.4th 1432, 1436 (*Monjaras*).) In *Monjaras*, the defendant's robbery demand, accompanied by raising his shirt to display the handle of a pistol tucked in his waistband constituted substantial support for the firearm use finding. (*Id*. at p. 1437.) The reviewing court upheld the finding, despite the fact that the victim could not say if the weapon was real or a fake. The court observed that when a victim is faced with what appears to be a gun, displayed with an explicit or implicit threat to use it, few victims have the composure and opportunity to closely examine the object. (*Id*. at p. 1436.) The court concluded that while it is conceivable the object was harmless, the jurors could draw an inference from the circumstances surrounding the robbery that the gun was not a toy. (*Id.* at p. 1437.)

In the present case, defendant focuses on conflicts in the witness testimony to make the case that there is insufficient evidence to support the finding the gun was a firearm. However, the jury found the victims' testimonies to be credible, while it found

5

defendant's and Berger's testimonies were not. In addition to the victims' testimonies, the jury watched the surveillance video of the robbery from five different angles, which showed defendant handling the gun. Detective Medici, who was familiar with real and fake guns, watched the video and saw nothing to indicate the gun was not real. The jury was entitled to rely on the weapon's appearance, defendant's conduct implying he possessed a real gun, and the reactions of the victims in making its finding. As the *Monjaras* court observed, "[c]ommon sense and common experience" teach that it is unlikely the robbers today use toy guns or other nonfirearms. (*Monjaras*, *supra*, 164 Cal.App.4th at p. 1437.)

Nonetheless, defendant emphasizes other evidence that may also support a conclusion the weapon was not a firearm. While it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence, on appeal, if the circumstances reasonably justify the trier of fact's findings, the fact that the circumstance might reasonably be reconciled with a contrary finding does not warrant a reversal. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) Here the jury reasonably rejected defendant's self-serving testimony that the gun he carried was not a firearm, along with Berger's opinion that gun was a BB gun, and found that the gun used by defendant was a firearm. Substantial evidence supports this finding.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                HOLLENHORST

                                                     J.

We concur:

RAMIREZ

                       P. J.

MCKINSTER

                       J.